WARE RIVER RAILROAD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8712, 19054. Promulgated May 27, 1927.

The amount of the Federal tax upon the income of the petitioner paid by its lessee constitutes income to the petitioner for the year in which such tax became due and was paid.

*Robert H. Davison, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

Proceeding Docket No. 19054 relates to a deficiency of $649.02 for the calendar year 1919 and proceeding Docket No. 8712, relates to deficiencies of $643.29 and $463.27 for the calendar years 1920 and 1921, respectively. The issues in both cases are the same and the proceedings were consolidated for hearing and decision.

The Commissioner held that the tax upon the petitioner's income paid by its lessee under the terms of the lease constituted additional income. Petitioner claims first that Federal income and profits tax payable by a lessee does not constitute additional income to the lessor; secondly, that Federal income and profits tax payable by a lessee does not constitute additional income to the lessor in the taxable year during which the income on which such tax was earned, was received. The facts are found as stipulated.

Petitioner is a Massachusetts corporation with principal office in Boston. During the years 1919, 1920, and 1921 it kept its books and rendered its income and profits-tax returns on the accrual basis. During the years in question the railroad property of the taxpayer was leased to the Boston & Albany Railroad Co. and by it to the New York Central Railroad Co. under an instrument of lease which contained among other things the following provision: "And said second party doth further covenant and agree to pay all taxes, which during said term may be assessed upon said first party, its railroad and the stock of its stockholders * * *."

Pursuant to the foregoing provision of the lease the New York Central Railroad Co. paid in the year 1919 taxes on the income of the taxpayer for the year 1918 in the sum of $6,438, of which sum, however, the Director General of Railroads bore or assumed one-sixth; the said New York Central paid in 1920 for Federal taxes on the income of the taxpayer for the year 1919 the sum of $6,490.14, of which sum the Director General of Railroads bore or assumed one-fifth; and paid in the year 1920 for Federal taxes on the income of the taxpayer for the year 1920 the sum of $6,482.84, of which sum the Director General bore one-fifth of the portion of the taxes attributable to the months of January and February, or one-fifth of one-sixth of the aforementioned sum.

LITTLETON: The decision of the issues presented in these proceedings is governed by the Board's decision in the *Appeal of Providence & Worcester Railroad Co.,* 5 B. T. A. 1186, in which it was held that amounts representing Federal taxes assessed against the lessor and paid by the lessee under the terms of the lease constituted additional income to such lessor in the nature of compensation for the use of property in the year in which such tax became due and payable. The fact that the Director General of Railroads bore a portion of the tax assessed against the petitioner has no bearing upon the question whether the amount paid to petitioner by the New York Central Railroad Co., lessee, was income to it.

> *Judgment will be entered on 15 days' notice, under Rule 50.*